UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTOPHER LAMBRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01569-WTL-DLP |
| CRAIG GRAGE, et al. | ) |
| Defendants. | ) |

**Entry Screening and Dismissing Complaint and
Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

First, the complaint alleges that the plaintiff arrived at the Reception and Diagnostic Center, in Plainfield, Indiana, on April 11, 2018, with a copy of his petition for post-conviction relief and supporting brief. Through the intake process, he was only permitted to keep the brief but not the petition. For the next several weeks, the plaintiff attempted to obtain the petition. He contacted defendants law librarian Officer Aidoo, Executive Assistant Rosebery, Warden Grage, Deputy Warden B. Bennett, and Classification Supervisor Crawford. The plaintiff also filed a grievance. On April 25, 2018, he got a copy of his petition. He then began requesting that his petition and brief be notarized. He contacted Officer Aidoo and Executive Assistant Rosebery. It was notarized and mailed on May 1, 2018.

Several days later, Executive Assistant Rosebery spoke to the plaintiff about the grievance he filed regarding obtaining a copy of his petition. Rosebery brought a document for the plaintiff to sign indicating his grievance was resolved. The plaintiff still wanted the grievance logged but did not notice until later in his cell that the grievance was not logged. The plaintiff alleges this conduct by Rosebery is a violation of his access to the courts and an effort to hamper his ability to file his petition for post-conviction relief pursuant to the First Amendment. He also alleges a violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments based on these facts.

Second, the complaint alleges he was denied access to the law library to work on a case from Dekalb County, Indiana, that was negatively impacting his classification level, an amended petition for post-conviction relief, and to research two federal lawsuits. He wrote to the defendants and filed a grievance on May 3, 2018. He alleges he was never permitted access to the law library the entire time he was at the Reception and Diagnostic Center.

Third, the complaint alleges that the plaintiff requested but was never given a kosher diet. He wrote to the Warden, Deputy Warden, and the Chaplain. The plaintiff also filed a grievance on April 20, 2018. The plaintiff alleges a violation under the First Amendment.

Fourth, the complaint alleges that the plaintiff's incoming and outgoing mail was tampered with while he was incarcerated at the Reception and Diagnostic Center. The plaintiff alleges that he received his mail with no problems until he filed his first grievance and then he started experiencing problems with his mail. He alleges a violation under the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments.

The plaintiff also names as defendants an unnamed food service supervisor, an unnamed mail room supervisor, and the Indiana Department of Correction. He is suing each defendant in their individual and official capacities. He seeks monetary damages.

### III. Insufficient Claims

Tthe plaintiff's access to the courts First Amendment claim is **dismissed** for failure to state a claim. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (*citing Bounds .v Smith*, 430 U.S. 817 (1977)). At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). The plaintiff admits in his complaint that his petition for post-conviction relief was notarized and mailed on May 1, 2018. As such, the defendants did not interfere with his ability to file his petition. Further, any claims that his rights were violated under

the Fifth, Sixth, Eighth, and Fourteenth Amendments are also dismissed because none of these constitutional provision apply to this set of facts.

With regard to his second claim, the plaintiff alleges he was not permitted access to the law library the entire time he was at the Reception and Diagnostic Center. As stated above, there is no "abstract free-standing right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.

> [T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonable prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources.

*Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

The plaintiff states that the Dekalb County matter was a clerical error and summarily dismissed but that had he had access to the library he would have been able to correct the error sooner. The plaintiff was only at the Reception and Diagnostic Center for 29 days. The plaintiff's inability to correct a classification error earlier in the process that was in fact corrected in the 29 days he was at the Reception and Diagnostic Center does not state a constitutional deprivation because it does not show that he was unreasonably prevented from presenting legitimate grievances to a court. Further, the plaintiff fails to describe or allege any prejudice on his denial of access to the law library with respect to his other claims that he was not able to work on an amended petition for post-conviction relief or to research two federal lawsuits. This claim must be **dismissed** because it does not "'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F .2d 1101, 1106 (7th Cir. 1984)).

The plaintiff's third claim that his First Amendment rights were violated because he was not provided a kosher diet is **dismissed**. Here, the plaintiff is suing the Warden and Deputy Warden. However, he did not allege that they denied his request for a kosher diet. Rather, he states that he wrote to them and filed a grievance but never received a kosher diet.

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm.

Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

For his forth claim, the plaintiff alleges that the defendants retaliated against him by interfering with his mail for filing multiples grievances while he was incarcerated at the Reception and Diagnostic Center. He alleges a violation under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. He alleges that the mail room supervisor would

> "have to be complicit in a conspiracy to tamper with my mail and some superior staff member or members would be fellow conspirators; most probably Executive Assistant G. Rosebery, but I also suspect Warden C. Grage, Deputy Warden B. Bennett, Classification Supervisor R. Crawford, and/or Officer Aidoo of having knowledge of or participating in said conspiracy."

Dkt. No. 2, p. 12.

These retaliation claims are **dismissed** because the factual allegations fail to set forth anything beyond speculation that these defendants tampered with his mail. Speculation and guesswork that defendants "most probably" violated an inmate's rights under the constitution is insufficient to state a claim.

In addition, the Indiana Department of Correction **is dismissed** as a defendant because the Eleventh Amendment immunity bars suits for damages against states and their agencies. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the plaintiff's complaint. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

The inclusion of unknown or unidentified individuals as defendants is often problematic because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe", defendants in federal court is generally

disfavored by the Seventh Circuit. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon, is left within the discretion of the district court.")(internal citations omitted). For these reasons, the unnamed food service manager and the unnamed mail room supervisor are **dismissed** as defendants.

Because the claims have been dismissed against them, defendants Grage, Bennett, Rosebery, Crawford, Aidoo, unnamed food service supervisor, unnamed mail room supervisor, and the Indiana Department of Correction are dismissed as defendants in this action.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

## IV. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through June 29, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 1:18-cv-1569-WTL-DLP and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

### V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 6/6/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KRISTOPHER LAMBRIGHT
266449
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only